| 26 | 273 |
| 59 | 98 |
| 59 | 497 |
| 61 | 441 |
| 26 | 273 |
| 62 | 152 |

## CALVIN SEARS *vs.* GEORGE TERRY.

The judgment of a court having jurisdiction is conclusive upon every material fact in issue, and can not be collaterally impeached.

Such jurisdiction must embrace the parties, the subject matter and the process.

Every presumption is in favor of such jurisdiction, in the case of judgments of courts of general and common law jurisdiction, but there is no such presumption in the case of judgments of courts of inferior and statutory jurisdiction.

And a party relying upon a judgment of a court of the latter class, must aver and prove the existence of the facts essential to its jurisdiction.

The true principle of law is, that where a statute confers on such a tribunal a special power to be exercised under particular circumstances and in a particular manner, it is indispensable to the valid exercise of the power that such circumstances exist at the time and that the court proceed in the exact manner prescribed.

And where the record of such court finds the existence of such circumstances and that such manner of proceeding was adopted, such finding is only *prima facie* proof of such facts, and they may be disproved by parol evidence.

Under the statute (Rev. Stat., chap. 25, tit. 1,) relative to the appointment of conservators by courts of probate, it is essential that the person over whom the conservator is to be appointed, shall have an actual residence in the probate district, and that the notice required by statute be served on him personally or left at such place of actual abode. A mere domicil in the district is insufficient.

Where therefore a court of probate proceeded to appoint a conservator over a person whose domicil was within the district and notice was there left, but whose actual residence was, at the time of the service of the notice and of the appointment, in the state of New York, and no personal notice had been given him,—it was held, that the action of the court of probate was void, and that these facts could be shown by parol evidence.

And a party may show the invalidity of such an appointment against the ward

himself, who is endeavoring to avail himself of the benefit of the appointment, as a defence to an action brought by such party.

A court of probate is a court of specially limited jurisdiction in the appointment of conservators. Its power in relation to this subject is a particular one, conferred by statute; and in the exercise of it, it must conform strictly to the provisions of the statute.

ACTION of book debt tried upon an issue closed to the court.

Upon the trial the defendant denied his liability for the debt, on the ground that at the time it was claimed to have been incurred, a conservator had charge of his person and property and he therefore had no power to make a contract. To prove the appointment of the conservator he offered in evidence the record of the court of probate for the district of Plymouth, in Litchfield county, which was as follows :

" At a court of probate holden at Plymouth, within and for the district of Plymouth, on the 26th day of November, A. D. 1849. Present, Elisha Johnson, Judge.

" Upon the petition of Eli Terry, Henry Terry, Anna Scoville, Silas B. Terry, James Terry and Andrew Terry, all of said Plymouth, showing to this court that they are relatives of George Terry, of said Plymouth; that said George Terry, by reason of insanity, idleness and vicious indulgence has become incapable of taking care of himself, and of managing his affairs, and has also become dangerous and unfit to be without restraint, and may injure others in their persons and estate, and has often threatened to do so ; and further showing that the said George Terry is the owner of personal property situated in said Plymouth ; and praying this court to appoint some meet person a conservator of said George Terry, to take care of him, and to manage and take care of his estate according to law : to which petition a summons in due form, signed by a justice of the peace for Litchfield county, notifying the said George Terry and also David D. Warner, Apollos Camp and Milo Blakeslee, selectmen of said town of Plymouth, to appear before this court on the 12th day of November, A. D. 1849, at ten o'clock in the forenoon, to answer to said petition, and show reasons, if any

Sears *v.* Terry.

they had, why the prayer thereof should not be granted, was annexed ; and which said petition and summons were duly and legally served on said respondent and the said David D. Warner, Apollos Camp and Milo Blakeslee by Ozias Goodwin, a constable of said town of Plymouth, and returned to this court ; all of which will more fully appear by the original petition and summons on file in this office ; and the hearing of said petition, having been adjourned from said 12th day of November, to the present time ; and now this court having inquired, doth find the facts set forth in said petition to be proved and true ; and that said George Terry is a lunatic, and wholly incapable of taking care of himself and of his estate ; and this court doth further find that said petition and citation has been duly and legally served upon said George Terry, respondent, and said David D. Warner, Apollos Camp and Milo Blakeslee, selectmen as aforesaid, and doth thereupon appoint Elizur Fenn of said Plymouth, a meet and proper person, to be the conservator of the said George Terry, and to take care of his estate according to law."

To the admission of this evidence the plaintiff objected, on the ground that it did not show that the probate court had jurisdiction in appointing the conservator. The court for the purposes of the case admitted the evidence, but held that the record was not conclusive upon jurisdictional facts, but only *prima facie* evidence of them, and that the plaintiff being a stranger to it, might prove that the defendant was not a resident of the district, and had no usual place of abode in the district at the time of service, and that no such notice was given as the statute required.[*] Parol evidence in relation to these facts was therefore offered by the plaintiff, the defendant excepting to the ruling of the court in admitting the same, and upon such evidence the court found that, at the time of the pretended service, the respondent resided at White Plains, in Westchester county in the state of New

---

[*] The provisions of the statute with regard to the appointment of conservators important to the present case, are given in the opinion of the court on p. 281.

York ; that he had been absent from the state at the time of the service of the petition about three months, and did not return till the February following ; that although an inhabitant of, and legally domiciled in Plymouth, he had no usual place of abode there at the time, and the place where the notice was left was not his usual place of abode, and had not been for many months when in the state, and that this was well known to the applicants for the appointment, who directed the service; and that he had no notice whatever, prior to said February, of the service of the petition; and that the claim for which the present action was instituted, was for board necessarily incurred, long subsequent to the appointment of the conservator.

The court made a special finding of all the facts, and rendered judgment upon them for the plaintiff. The defendant thereupon filed a motion in error.

*Fellowes* and *Chapman*, for the plaintiff.

1. The parol evidence to show that the defendant had no residence in the probate district of Plymouth, and had no notice of the appointment of a conservator over him, was admissible, because that court is a court of inferior and limited jurisdiction, and there is no intendment in law in its favor, but every fact necessary to show its jurisdiction must be alleged and found. This record showing no jurisdictional facts, was void and not admissible in itself. But being admitted it can be contradicted by parol testimony. *Bloom* v. *Burdick*, 1 Hill, 130. *Smith* v. *Rice*, 11 Mass., 506. Cowen & Hills' Notes to Phil. Ev., part 2., pp. 801, 876, 896, 904, 990, 1010. *Holyoke* v. *Haskins*, 5 Pick., 20. *Harrington* v. *Brown*, id., 519. *Starbuck* v. *Murray*, 5 Wend., 148. *Aldrich* v. *Kinney*, 4 Conn., 380. *Hutchins* v. *Johnson*, 12 id., 376. *Bodurtha* v. *Goodrich*, 3 Gray, 508. *Ewen* v. *Coffin*, 1 Cush., 23. *Bissell* v. *Wheelock*, 11 id., 277. *Gleason* v. *Dodd*, 4 Met., 333. *Cook* v. *Darling*, 18 Pick., 393. *Shumway* v. *Stillman*, 6 Wend., 447.

2. Actual residence, and service by leaving a copy at the usual place of abode, are necessary to jurisdiction. Rev.

Sears v. Terry.

Stat., tit. 25, sec. 1.   The record does not show either.   The words " George Terry of Plymouth," are mere *descriptio personæ* and at most an allegation of inhabitancy, and the finding that the petition was duly and legally served is one of law and not of fact.   The officer's return is no part of the record.   Conkling's Practice, 222.   *Abercrombie* v. *Dupuis*, 1 Cranch, 343.   *Wood* v. *Wagnon*, 2 id., 9.   *Emery* v. *Greenough*, 3 Dallas, 369.

3. The appointment of a conservator over a person does not disqualify him from incurring a debt like the present one.

*Parsons* for the defendant.

Parol evidence as to the residence of the defendant was inadmissible.

1. Decisions *in rem* are conclusive on all mankind, their effect is the same as that of a judgment between the parties and can not collaterally be called in question.   1 Greenl. Ev., § 525.   1 Stark. Ev., 241.   The appointment of a conservator is a decision *in rem*.   *Leonard* v. *Leonard*, 14 Pick., 280.   1 Greenl. Ev., § 550.   Story Confl. of Laws, sec. 594. 1 Stark. Ev., Supra.   The law accords a conclusive effect to all judgments of a probate court.   3 Phill. Ev., (C. & H.) 861, note 620.   1 Greenl. Ev., § 550.   And they can be called in question only by appeal, writ of error or motion for a new trial.   *Bush* v. *Sheldon*, 1 Day, 170.   *Goodrich* v. *Thompson*, 4 id., 215.   *Judge of Probate* v. *Fillmore*, 1 Chip., 420.   *Thompson* v. *Tolmie*, 2 Pet., 163.   The judgment of a court of competent jurisdiction while unreversed is conclusive and the parties to it can not dispute it.   *U. States* v. *Nourse*, 9 Pet., 8.

2. As to the jurisdiction.   In courts of common law or general jurisdiction notice to, or the appearance of the defendant concludes him.   *Bissell* v. *Briggs*, 9 Mass., 462.   *Hall* v. *Williams*, 6 Pick., 232.   *Andrews* v. *Montgomery*, 19 Johns., 162.   In courts of limited jurisdiction two things must be shown. 1st. The general power of the court over the subject matter which is to be shown by statute; and 2d. The legal service of process or the appearance of the party.   If these

facts appear the record is conclusive. Where a court of limited jurisdiction by its record finds its jurisdictional facts, its record is conclusive, but where such facts are not found evidence of its want of jurisdiction is admissible. *Slocum v. Wheeler*, 1 Conn. 429. *Sollers* v. *Lawrence*, Willes, 413. *Grignen* v. *Astor*, 2 How., 319. The appointment of conservators is given to the courts of probate by statute, and in this case service was made in legal form ; but if not made at all, it is expressly found to have been made by the record, which is conclusive. *Hutchins* v. *Johnson*, 12 Conn., 383. The record itself proves the jurisdiction and is complete evidence of its own validity. *Thompson* v. *Tolmie*, 2 Pet., 164. *Spratt* v. *Spratt*, 4 id., 393. *Voorhies* v. *Bank of U. S.*, 10 id., 449. *Holcomb* v. *Phelps*, 16 Conn., 127. Nor can it be contradicted. *Field* v. *Gibbs*, 1 Pet. C. C., 156. *Holcomb* v. *Cornish*, 8 Conn., 375. *Selin* v. *Snyder*, 7 Serg. & R., 166. *Lincoln* v. *Tower*, 2 McLean, 473. *Jacquette* v. *Hugunon*, id., 129. *Westerwelt* v. *Lewis*, id., 511. Even fraud can not be shown to contradict a record. *Bush* v. *Sheldon*, 1 Day, 170. *Peck* v. *Woodbridge*, 3 id., 30. *Smith* v. *Lewis*, 3 Johns., 157. *Homer* v. *Fish*, 1 Pick., 435. *Granger* v. *Clark*, 22 Maine, 128. *McRae* v. *Mattoon*, 13 Pick., 53. *Hartshorn* v. *Day*, 19 How., 211. *Anderson* v. *Anderson*, 8 Ohio, 108. The record concludes all matters that are traversable. 1 Greenl. on Ev., sec. 528. *Lincoln* v. *Tower*, Supra.

3. The questions of inhabitancy and residence constitute no part of the issue on the merits. They must be raised by a plea in abatement or plea to the jurisdiction. *De Wolf* v. *Rabaud*, 1 Pet., 476. *Exparte Watkins*, 3 id., 193. *Hilliard* v. *Brevoort*, 4 McLean, 24. *Bank U. S.* v. *Mass.*, 6 How., 31.

4. It is not necessary that the court should have found the manner in which the process was served. *Fox* v. *Hoyt*, 12 Conn., 491. *Hutchins* v. *Johnson*, Supra. Nor need it appear that the defendant had an actual residence in Plymouth, a then usual place of abode there. *Grant* v. *Dalliber*, 11 Conn., 234. *Abbe* v. *Higgins*, 2 Iowa, 535. *Bujac* v. *Morgan*, 3 Yeates, 258. *Frean* v. *Cruikshank*, 3 McCord, 84.

ELLSWORTH, J. The defendant insists that at the time the debt in question is claimed to have been contracted, he had not a legal capacity to contract, because, as he claims, he was under a conservator. To prove that he was so, he offered in evidence in the court below, the record of the court of probate for the district of Plymouth, the court which made the appointment, which showed that in form a conservator was appointed by that court on the 25th day of November, 1849. The plaintiff objected to this evidence unless the defendant proved, that at the time of the appointment, he was a resident of said town and district of Plymouth, and was moreover served with notice of the proposed proceedings; insisting that without such proof it did not appear that said court of probate could entertain jurisdiction, and if there was a want of jurisdiction, that the pretended record was no record, but a narration of no importance or efficacy as evidence; and such was the opinion of the court, but inasmuch as the record stated the necessary facts to be proved, though somewhat generally, the judge decided that he would receive the record as *prima facie* evidence, though not conclusive upon the jurisdictional facts, and that the plaintiff should be allowed to prove that the defendant was not a resident of the district and had no usual place of abode therein at the time of the appointment, and that no such notice was given as the statute required. Thereupon the plaintiff offered such evidence, the defendant objecting, and the court found and adjudged that at the time of the appointment the defendant was not, and had not been for three months, a resident of the town or district of Plymouth, but of White Plains in the state of New York; and likewise, that notice of the application for the appointment of a conservator, "was not left at the usual place of abode of said Terry, for he had no such residence in the district," and therefore decided that the appointment was void and created no legal incompetence in the defendant to contract a debt with the plaintiff. The admission of this evidence gives rise to the chief question discussed in the case.

On the part of the plaintiff it is said, that a court of infe-

rior and limited jurisdiction (as this is claimed to be,) can not by its own finding confer on itself a jurisdiction where upon the real facts there is none ; and hence, that the defendant, not being a resident in the district, and having no notice to appear, and not appearing before the court, can not, without manifest injustice, be precluded from showing the true state of the facts. On the part of the defendant it is claimed that the decision of the court is conclusive, alike on the jurisdictional facts and the general merits of the case.

Two important questions arise in the examination of the point in dispute ; 1st. Has a court of limited and inferior jurisdiction, power to determine its jurisdictional facts, to the exclusion of all collateral inquiry by a person who is affected by the judgment and who was not present; and 2d. If it has or has not this power, is the case before us one of this character ?

The reason assigned in the books for holding a judgment final and conclusive between the parties is, that the court, having full power to investigate and decide the facts, and being properly called upon in due course of law to do it, must be presumed to have fairly done it, and hence that further controversy ought not to be allowed. Of course, we suppose, if the court has not jurisdiction, the reason fails and the consequences do not follow. It is laid down as elementary law, that a court must have jurisdiction over the parties, the subject matter and the process, or its proceedings are *coram non judice.* This was said by Ch. J. Reeve, in *Grumon* v. *Raymond,* 1 Conn., 44, and by the court in *Perkins* v. *Proctor,* 2 Wils., 383, and in *Martin* v. *Marshall,* Hob., 63. It is true that every presumption is in favor of a court having general jurisdiction, while no such presumption exists in favor of a court of limited and inferior jurisdiction, or of any court not proceeding according to the common law ; but even in the former case, that presumption is not always conclusive, but may be rebutted and disproved. It may be true that in the case of courts of inferior and special jurisdiction, if the record finds the jurisdictional facts, it may be *prima facie* evidence of the existence of those facts. In the present case the

record was received for that purpose and allowed to have so much effect as to change the burthen of proof from the defendant to the plaintiff. It must not be understood from what we have said that we question the conclusive effect of the judgment of a court allowed to have jurisdiction, but only of one of a court whose jurisdiction is not admitted, and whose jurisdictional facts are open to enquiry. It is, we believe, familiar law, that if a person will avail himself of the judgment of a court of special jurisdiction, he must aver and prove the facts necessary to give that jurisdiction.

The statute which directs how a conservator shall be appointed, is in these words : " Whenever any person ' by reason of idiocy, lunacy, age, sickness, or any other cause, shall have become incapable of taking care of himself or of managing his affairs, and shall have any estate real or personal, the court of probate in the district in which such person resides, shall, on the application of the selectmen of the town where he belongs, or of any relative of such person, make due enquiry, and if it shall find that such person is incapable of taking care of himself, shall appoint some proper person to be his conservator." The next section directs who shall sign the application, and that a summons to the respondent shall accompany it, issued by proper authority, notifying him to appear before the court, which shall be served by some proper officer leaving a true and attested copy at the usual place of abode of the respondent, at least twelve days before the time of the hearing.

It is most obvious that the probate court of the district of Plymouth could not appoint a conservator over a person who did not reside in the district, nor until notice and summons by copy had been left twelve days previously at the usual place of abode of the respondent. Now here it is found that Terry did not reside in the district, but in White Plains in the state of New York, and had so resided for three months before the appointment. His general domicil in Plymouth might perhaps have been evidence enough, (were we to pass upon the evidence,) that his residence was in Plymouth, were the finding of domicil not accompanied with

the additional exact finding, that he was notwithstanding residing in White Plains, and not in Plymouth ; and further, that no copy of the summons was left at his usual place of abode, but only at a house in Plymouth, which was not his usual place of abode and had not been for three months. We must take the fact as we find it, correct or otherwise, and therefore we are constrained, however reluctantly, to say that Terry was not within the jurisdiction of the court, nor duly summoned and made a party to the proceedings as the law requires, and can not be concluded by this exparte proceeding.

We need not examine at length the general question whether a court that does not proceed according to the course of the common law, but exercises a restricted and special jurisdiction under some provisions of the statute law, can, according to the authorities, or the reason of the thing, conclusively find the facts essential to the exercise of jurisdiction. The case on trial does not in our view require it; still we do not hesitate to say, that after considering the authorities which have been read to us on the trial, we have a strong impression that such is not the law.

It is said that the admission of the evidence in question is inconsistent with the idea of the absolute verity and conclusiveness of a judgment of a court of record, and allows an impeachment of such a judgment. This is only another mode of stating the same objection. There is here an important distinction overlooked. We admit that a court having jurisdiction, can and must establish conclusively every material fact involved in the issue, but it is otherwise if the court has not jurisdiction ; and so the record of a court having jurisdiction is conclusive and may not by the party be collaterally attacked. But this record is claimed not to be a record, and it certainly is not a conclusive one if a probate court has not power to find conclusively the facts necessary to confer jurisdiction. One thing is certain, as we have already said, that whoever relies on the judgment of a court of limited and special jurisdiction, must aver and prove the facts necessary to give the court jurisdiction.

In *Grumon* v. *Raymond,* supra, the court say : " It is no uncommon thing, where there is a court of limited jurisdiction, that the jurisdiction depends upon the existence of certain things, and for want of them the court has no jurisdiction, and every thing done by the court is *coram non judice.* In *Holyoke* v. *Haskins,* 5 Pick., 20, administration had been granted by the judge of probate of the county of Suffolk, the intestate being held to have had her domicil there, and the estate was proceeded with and settled there. Many years after, a second administration was granted by the judge of probate for Middlesex, on proof that the intestate was domiciled at the time of her death in Middlesex and not in Suffolk. The last administration was sustained by the supreme court. The court say : " The proceedings and judgment of a court not having jurisdiction of the subject matter depending, are *coram non judice.* The judge of probate for the county of Suffolk had no jurisdiction, and it seems clear that the grant of administration and the subsequent sale of the demanded premises under it, are void ; and it is equally clear that he had not jurisdiction, if the domicil of the intestate at the time of her death was in fact in the county of Middlesex." In the course of their opinion, the court further say, that the case stands on the same ground as if administration had been granted upon the supposition that there was no will, when a will afterward appeared, or that the intestate was dead, when in fact he was alive. In *Star-buck* v. *Murray,* 6 Wend., 148. Marcy, J., giving the opinion of the court, says : " But it is strenuously contended, that if other matter may be pleaded by the defendant, he is estopped from asserting any thing against the allegation contained in the record. It is said to import verity, and the parties to it can not be heard to impeach it. It appears to me that this proposition assumes the very fact to be established, which is the only question in issue. For what purpose does the defendant question the jurisdiction of the court ? Solely to show that its proceedings and judgments are void." In *Smith* v. *Rice,* 11 Mass., 506, Jackson, J., giving the opinion of the court, says : " It was said in the argu-

ment for the tenant, that, as the judge of probate had juris-
diction of the cause, the decree is conclusive.   This is
undoubtedly true in cases where the probate court is acting
within its jurisdiction and pursuing the course prescribed by
law.   But in the case at bar the very grievance complained
of is, that the party had no notice of the pendency of the
cause, and of course no opportunity to appeal."   And again :
" If it appear that the judge has exceeded his authority or
that he has undertaken to determine the rights of parties
over whom he has no jurisdiction, and the defendants had no
notice and have been guilty of no neglect, they may consider
the decree as void.   The defect is not confined to what may
be considered strictly a want of examination of the cause,
but if the inferior tribunal proceeds in a manner not author-
ized, the proceeding is void."   See further, *Bowman* v *Russ*,
6 Cow., 237.   In *Bloom* v. *Burdick*, 1 Hill, 130, Bronson, J.
says :  " The surrogate undoubtedly acquired jurisdiction of
the subject matter on the presentation of the petition and
account, but that was not enough ; it was necessary that he
should acquire jurisdiction over the persons to be affected by
the sale.   It is, (he adds,) a cardinal principle in the admin-
istration of justice, that no man can be condemned, or
divested of his right, until he has had the opportunity of
being heard.   If judgment is rendered against him before
that is done, the proceeding will be as utterly void as though
the court had undertaken to act when the subject matter was
not within its cognizance ; " and he cites numerous authorities
in support of this position.   In *Noyes* v. *Butler*, 6 Barb., 616,
the court say, that it has been distinctly settled by repeated
adjudications, that no statements in the record can conclude
the parties as to any jurisdictional facts.   In *Cook* v. *Darling*,
18 Pick., 393, in speaking of the difference between courts
of general and special jurisdiction, the court say: " A differ-
ent rule may prevail in regard to decrees and adjudications
of inferior courts, not proceeding according to the course of
the common law.   If they exceed their jurisdiction, or pro-
ceed contrary to law, the proceeding is void, and this may be
shown by plea, but the principal reason is, that no writ of

error lies to reverse such a judgment;" and they cite *Smith* v. *Rice*, supra. We will not pursue the subject further. Thus much we have thought it proper to say, but we intend to place our decision on the more narrow ground that a court of probate in appointing a conservator can proceed only in the case specified in the statute and in the manner there prescribed, leaving these jurisdictional facts open to enquiry and disproof.

The correct principle of law governing this class of cases, we believe to be, that where the legislature empowers a probate court, a board of overseers, a board of commissioners, the selectmen of a town, or the like, to divest a person of the ability to make contracts and conduct and manage his affairs, under particular circumstances as pre-requisites, and in a manner particularly prescribed, these circumstances must actually exist and this manner of proceeding must be observed, and are both indispensable to the jurisdiction. They must be proved too, and if the records or papers show these facts, as is usual and proper, it is no more than *prima facie* evidence of their existence, and the person who afterwards comes to the knowledge of their supposed existence can deny and disprove them; otherwise he might suffer an irreparable injury. *Leroy* v. *N. York*, 20 Johns., 430. *The People* v. *Brooklyn*, 23 Barb., 166. *Bangs* v. *McIntosh*, id., 602.

Suppose a kindred power to this is delegated to a board of commissioners or selectmen, to be exercised only over persons residing in their respective towns, or over persons fifty years of age and upwards, or of foreign birth, or of the male sex, and the mode of proceeding to obtain jurisdiction is carefully prescribed, such as filing an application by the blood relations of the respondent and a summons to issue under the hand of a magistrate for the respondent to appear in person that he may be actually seen and examined, and if he can not be found then a certified copy to be left at his usual place of abode; and suppose some or all of these prerequisites are wanting; can the board proceed to make a valid appointment? We think not; nor can the want of these

facts be covered up by any recitals or findings however formal and perfect by a board having no jurisdiction of the matter. Suppose such a board of the town of Hartford or the probate court of this district, should find and adjudge, that the president of Yale College is a resident of Hartford and a suitable person to be placed under a conservator, and should further find that a certified copy of an application and summons for an appointment had been left at his usual place of abode, and thereupon proceed to appoint a conservator over him; would this conclude that gentleman and subject him to the control of the conservator? Suppose the same court should find and adjudge, that the late Hon. Asa Bacon of New Haven, was, at the time of his death, settled in Hartford, and proceed to administer upon his estate, without the knowledge of his representatives in New Haven; would this be conclusive upon them? Certainly not, according to the decision in *Holyoke* v. *Haskins*, cited above, which is that case exactly. A court of probate it is true possesses a higher character than a board of selectmen, but it is not a court of record at the common law, nor does it proceed according to the course of the common law, though it may be otherwise in some respects in Connecticut. But its jurisdiction is limited and special, even in discharging its more appropriate duties, the settlement of estates, and more truly so, in discharging the special duties of a different character imposed upon it from time to time, by statutory enactments. Touching the appointment of conservators, it does not seem to us to proceed so much as a court to settle estates, as it does as a special tribunal clothed with a new power for a defined purpose. The remarks of Bronson, J., in *Bloom* v. *Burdick*, already referred to, are quite to this point. " In every form in which this question has arisen, it has been held, that a statute authority by which a man may be deprived of his estate, must be strictly pursued." In *Thatcher* v. *Powell*, 6 Wheat., 119, Marshall, Ch. J., said: " It is a self-evident proposition, that no individual or public officer can sell and convey a good title to the land of another, unless authorized so to do by express law; and the person invested

with such a power must pursue with precision the course prescribed by law, or his act will be invalid." In accordance with this doctrine, the case of *Jackson* v. *Esty*, 7 Wend., 149, was decided. Savage, Ch. J., says: " It is a cardinal principle that a man shall not be divested of his property but by his own acts or the operation of law ; and where proceedings are instituted to change the title to real estate by operation of law, the requirements of the law under which the proceedings are had must be strictly pursued. The rule which requires a strict compliance with a statute authority under which a man may be deprived of his estate, is one of a most salutary tendency.

For these reasons we think there is no error in the judgment complained of.

It was suggested on the argument, that the petition to the court of probate for the appointment of the conservator was insufficient in not stating more distinctly and fully that Terry was a resident of Plymouth. The allegations are in the usual form, and we think sufficient.

In this opinion the other judges concurred.

Judgment affirmed.