## Thomas R. Green *v.* James E. Clawson.

A judgment rendered by a justice of the peace on a cause of action of which
  he has no jurisdiction cannot be pleaded in bar to a suit on the same cause
  of action between the same parties afterward brought in the Superior Court.
  Nor is it necessary that it should be reversed before the suit is commenced
  in this court.

Such a judgment is a nullity and the maxim *nemo debet bis vexari pro eadem
  causa* does not apply to another suit on the same cause of action in a court
  having competent jurisdiction of it.

No action will lie on a guardian bond before a justice of the peace.

THIS was an action of debt on a guardian bond in this court
against the surety, and a case stated in which it was admitted
that the bond was duly executed by the guardian and surety on
the 27th day of September, 1870, in the penal sum of one thou-
sand five hundred dollars, with condition for the faithful per-
formance of his duties as such by the guardian pursuant to the
statute in such case made and provided. On the 4th day of
April, 1873, the guardian passed his final account showing a

balance due the plaintiff, his ward, of seventy-four dollars and twenty-two cents, with interest thereon from the 27th day of September, 1871. On the 10th day of March, 1875, the plaintiff sued the defendant, as surety, on the same guardian bond, before a justice of the peace of the county for the said balance with interest, and on the 27th day of that month recovered judgment therefor amounting to eighty-two dollars and seventy-two cents, and costs of the suit. On the 13th day of October, 1875, this suit was instituted in this court, and on 2d day of November in the same year the judgment recovered in the suit before the justice of the peace was reversed on a writ of *certiorari* in this court on the ground that he had not jurisdiction of the case. And therefore the only question reserved ·was whether the judgment recovered before the justice of the peace for the same cause of action was or was not a bar to the action thereon in this court at the time when it was commenced and until it was afterward reversed in this court ?

*Wales, J.,* delivered the opinion of the court: This is an action of debt brought against the defendant as the surety of the guardian of the plaintiff, upon a bond executed by the said guardian and the defendant in the penal sum of one thousand five hundred dollars with a collateral condition for the faithful performance of his duties by the guardian as prescribed by the statute. *Revised Code, chap.* 96, *sec.* 9. The plaintiff was the ward to whom the bond was given, the obligation bearing date the 27th day of September, 1870. On the 4th day of April, 1873, the guardian passed his final account, showing a balance due to his ward of seventy-four dollars and twenty-two cents, with interest from the 27th day of September, 1871. The present action was docketed on the 13th day of October, 1875. Prior to this last mentioned date, to wit, on the 10th day of March, 1875, the plaintiff sued the defendant, as surety on this same bond, before a justice of the peace for the said balance with interest, and on the 27th day of the same month recovered a judgment for eighty-nine dollars and seventy-two cents, that being the amount of the said balance and interest. On the 2d day of November, 1875, the judgment rendered by the justice, having been removed here

by a writ of *certiorari*, was reversed for want of jurisdiction in the magistrate. The only question now to be decided is could the plaintiff legally commence his action of debt in the Superior Court *before* the reversal of the judgment below, the parties, the cause of action, and the sum demanded being identical in each case ?

For the defendant it was contended that no one should be twice harassed for the same cause, and that a judgment having been once rendered against him it was conclusive of the matter in dispute between him and the plaintiff so long as it remained on record undisturbed by the decree of a superior tribunal. The statutory provision giving jurisdiction to justices of the peace is in these words : " The justices of the peace shall severally have jurisdiction within their respective counties of all causes of action arising from obligation, or express or implied promise, or contract, for the payment of money, render of rent, or delivery of produce, chattels, goods, wares, or merchandise, or contract or agreement for personal labor, hire, or service, or for any penalty or forfeiture incurred under the provisions of any statute, or of any by-law or ordinance authorized by statute, where the matter in demand shall not exceed one hundred dollars, and a penalty in any obligation or contract exceeding that sum shall not exclude it from this jurisdiction if the sum actually due thereon be within it." (*Rev. Code, chap.* 99, *sec.* 1.) The judgment below was reversed because the cause of action was entirely outside of the power of the justice to determine. His jurisdiction is limited and cannot be enlarged by the consent of one or of all the parties to a suit, and the plaintiff cannot be estopped to deny his jurisdiction by the fact that under a mistake he first brought suit before him. The bond is not an obligation for the direct payment of money or for any of the objects or purposes which are specified in the statute, but is conditioned for the faithful performance by the guardian of the duties of his office, such as the making of true and just accounts of his guardianship and the delivery and payment to his ward on his coming of age all that should then belong and be due to him, etc. The only cause of action on this bond was a breach of the condition, which was clearly not cognizable by the justice and he had

no more right to hear and determine the matter in dispute between the plaintiff and defendant than any other unauthorized official, the sheriff, for instance, or the coroner of the county. The question was not simply whether the guardian was indebted to his former ward, but whether there had been such an infraction of the bond as made the defendant liable for and bound to make good the default of his principal? Matters as far removed from the jurisdiction of the justice as an action of ejectment or an issue of *devisavit vel non* and any judgment he might give in either case would amount to nothing.

But it was claimed for the defendant that, admitting the want of jurisdiction in the justice, the plaintiff could not bring his suit in this court until the judgment below had been reversed. This position is not sustained by any reason or authority which has been brought to our notice. The plea of a prior suit pending in another court for the same cause must set forth that the court has jurisdiction, otherwise the plea will be held to be insufficient. The jurisdiction will not be taken for granted. *Smith* v. *The Atlantic Ins. Co.*, 2 *Foster N. H.* 21. It follows, therefore, that where the want of jurisdiction over the subject-matter of the suit or of the parties to it is admitted the whole proceedings must be considered *coram non judice*, and that any judgment obtained thereon will be of no effect—a mere nullity. *Pritchett* v. *Clark*, 4 *Harr.* 280 ; *Grummon* v. *Raymond*, 1 *Conn.* 40 ; *Briscoe* v. *Stephens*, 9 *Eng. C. L. R.* 387. In the case of *Frumpton* v. *Pattes*, 3 *Levinz* 23, cited by C. J. Best in *Briscoe* v. *Stephens*, the court says : " Judgment there given of a thing out of that jurisdiction is absolutely void, and advantage may be taken thereof in pleading without reversal by writ of error." And so well settled is it that a judgment rendered by an inferior court upon a case not arising within its jurisdiction is a nullity, it has been held that if the plaintiff should cause the defendant's goods to be taken in execution on such judgment he would be a trespasser. The *King* v. *Danser*, 6 *T. R.* 245.

Judgment for plaintiff.

*Massey*, for plaintiff.

*Fulton*, for defendant.