MARY A. CHIPMAN *vs.* THE CITY OF WATERBURY.

Hartford Dist., Oct. T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, Js.

A writ of error cannot be brought to the Supreme Court of Errors in any county or district except that in which the case was decided.

One court never has power to pronounce the judgment of another court erroneous unless authorized by some express law.

Where a court has no jurisdiction of a cause it is not in the power of the parties to confer it by agreement.

[Argued November 7th—decided December 15th, 1890.]

WRIT OF ERROR from a judgment of the Superior Court sitting at Waterbury in New Haven County, in the third judicial district, brought to the Supreme Court of Errors at its October term, in the first or Hartford district. The counsel for the defendant in error made no objection to the want of jurisdiction and the case was argued only on its merits.

*J. O'Neill* and *G. H. Cowell,* for the plaintiff.

*G. E. Terry,* for the defendant.

ANDREWS, C. J. This is a writ of error from a judgment of the Superior Court in New Haven county, sitting at Waterbury, brought to the Supreme Court of Errors in Hartford in and for the first judicial district. The complaint was duly served and was returned on the first Tuesday of October, 1890, when the parties appeared, but no plea or answer was made. By agreement the case was heard at Bridgeport,—briefs being submitted on the merits and as though the case stood on an answer averring "nothing erroneous."

The case must be erased from the docket. The Supreme Court of Errors in the first judicial district has no jurisdiction to hear a writ of error from a judgment of the Superior Court in New Haven County, that county being in the third

Chipman *v.* City of Waterbury.

judicial district.   The statute, (Gen. Statues, § 1145,) pro-
vides that " writs of error for error in matters of law only
may be brought from the judgment and decrees of the Su-
perior Court * * * to the Supreme Court of Errors in the
judicial district or county where the judgments are rendered
or the decrees passed."   This is the only authority the Court
of Errors has to hear and determine any writ of error.

A writ of error is defined by Chief Justice MARSHALL
in *Cohens* v. *Virginia*, 6 Wheaton, 409, to be " a commission
by which the judges of one court are authorized to examine
a record upon which a judgment was given in another court,
and on such an examination to affirm or reverse the same
according to law."   This definition involves, what would
perhaps be clear enough without it, that one court never
has the power to pronounce the judgment of any other
court to be erroneous except it is authorized so to do by
some express law to that effect.   Tidd's Practice, 1051.   See
also 1 Swift's Dig., 690, where it is said that the mode of
issuing writs of error is regulated by statute and that the
writ must be brought in the county where the original
action was tried.

When a court has no jurisdiction of the cause it is not in
the power of the parties to confer jurisdiction by waiving
all objection.   That could not be done by an agreement.
*Grumon* v. *Raymond*, 1 Conn., 44; *Hart* v. *Granger*, id.,
169; *Ives* v. *Finch*, 22 id., 106 ; *Sears* v. *Terry*, 26 id., 280;
*Fowler* v. *Bishop*, 32 id., 199 ; *Nichols* v. *Hastings*, 35 id.,
546; *Hoey* v. *Hoey*, 36 id., 386 ; *Camp* v. *Stevens*, 45 id., 92.

The case must be stricken from the docket.

In this opinion the other judges concurred.
VOL. LIX.—32