ESTELLA HAZZARD *vs.* GERMANO GALLUCCI, ALIAS ANGELNIA MONENTO.

Third Judicial District, New Haven, January Term, 1915.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Prior to 1903 all civil actions of a prescribed kind which were "within the territorial jurisdiction of the District Court of Waterbury," were required, by § 534 of the General Statutes, "to be brought to that court"; but in that year an Act (chapter 136 of the Public Acts of 1903) was passed which permitted actions of that kind to be brought to that court "or to the Court of Common Pleas for Litchfield County." *Held* that the amendment of 1903 did not confer jurisdiction over this class of actions upon the Court of Common Pleas for New Haven County.

The intention of the legislature, which is the fundamental guide in the construction of statutes, must be ascertained from the language itself if that is plain; but when it is doubtful, the true meaning may be gathered by considering the Act in the light of all its provisions and other relevant circumstances, such as its title, the object to be accomplished, and pre-existing legislation on the same subject.

Courts which have a limited jurisdiction can exercise their powers only in the cases, and proceed only in the manner, clearly prescribed by the legislature.

Parties cannot by waiver or agreement confer jurisdiction of a cause upon a court.

Argued January 21st—decided March 2d, 1915.

ACTION by the indorsee against the maker to recover upon two promissory notes, brought to the Court of Common Pleas in New Haven County, where a verdict was rendered for the plaintiff, after which the cause was erased from the docket (*Wolfe, J.*) for lack of jurisdiction, from which judgment the plaintiff appealed. *No error.*

*Frederick M. Peasley,* for the appellant (plaintiff).

*Louis M. Rosenbluth,* with whom was *Charles J. Martin,* for the appellee (defendant).

RORABACK, J. The plaintiff and the defendant resided in the town of Cheshire when this action was commenced, and that town is within the territorial jurisdiction of the judicial district of Waterbury. This district is composed of towns situated in the counties of New Haven and Litchfield. Public Acts of 1907, p. 595, Chap. 13.

The District Court of Waterbury possesses jurisdiction over matters arising within this judicial district. For many years that court has had concurrent jurisdiction with the Superior Court of New Haven county over certain actions, and exclusive jurisdiction when the matter would otherwise have been within the jurisdiction of the Court of Common Pleas for New Haven county. General Statutes, §§ 534, 535. In 1903 § 534 of the General Statutes was amended to read as follows: "All civil actions for equitable relief only, wherein the matter in demand does not exceed five hundred dollars, all civil actions for legal relief only, wherein the matter in demand exceeds one hundred dollars but does not exceed five hundred dollars, and all actions for both equitable and legal relief, wherein the equitable relief demanded does not exceed five hundred dollars and the

legal relief demanded exceeds one hundred dollars but does not exceed five hundred dollars, shall be brought to the court of common pleas, except in counties where there is no such court, and in such counties shall be brought to the superior court; provided, that said actions which are within the territorial jurisdiction of the district court of Waterbury may be brought to that court or to the court of common pleas for Litchfield county." Public Acts of 1903, p. 97, Chap. 136.

The plaintiff contended that the plain provisions of the Act gave the Court of Common Pleas for New Haven county jurisdiction over her case. The trial court held otherwise, and dismissed the action because it was without jurisdiction. The plaintiff's appeal, therefore, presents the question whether or not the Court of Common Pleas for New Haven county had jurisdiction over cases where both plaintiff and defendant were residents of the town of Cheshire in New Haven county. The solution of this question depends upon the meaning of the Act of 1903.

The fundamental rule for the construction of statutes is to ascertain the intent of the legislature. This intention must be ascertained from the Act itself, if the language is plain. But when the language used is doubtful in meaning, the true meaning may be ascertained by considering it in the light of all its provisions, the object to be accomplished by its passage, its title, pre-existing legislation upon the same subject, and other relevant circumstances. A statute is to be construed so as to carry out the intent of the legislature, though such construction may seem contrary to the letter of the statute. *Holy Trinity Church* v. *United States*, 143 U. S. 457, 12 Sup. Ct. Rep. 511, 36 L. Ed. 226; *People ex rel. Wood* v. *Lacombe*, 99 N. Y. 43, 1 N. E. 599; *Brown's Appeal*, 72 Conn. 148, 150, 44 Atl. 22.

The jurisdiction of the Court of Common Pleas for

New Haven county was strictly local. It had a limited jurisdiction as to parties, and it was restricted as to territory. Such courts can only exercise their powers in the cases and the manner clearly prescribed by the legislature, and it is imperative that they should proceed in the manner directed by the legislature. *Sears* v. *Terry*, 26 Conn. 273. Prior to 1903, § 534 of the General Statutes contained this provision: "*provided* that said actions which are within the territorial jurisdiction of the district court of Waterbury shall be brought to that court." The only change made in this section by the Act of 1903 was in the clause just noticed, which was amended so that it reads as follows: "provided, that said actions which are within the territorial jurisdiction of the district of Waterbury may be brought to that court or to the Court of Common Pleas for Litchfield county."

It is clear that, before the amendment of 1903, the Court of Common Pleas for New Haven county had no jurisdiction over actions when both parties lived within any one of the towns which came within the jurisdiction of the District Court of Waterbury. There is nothing to show that the legislature intended to extend the jurisdiction of the New Haven county Common Pleas Court, unless it be in the last clause of that Act of 1903. This clause makes no reference to that court. It has reference only to the District Court of Waterbury and the Court of Common Pleas for Litchfield county.

It is reasonable to infer that, if any change was contemplated in the jurisdiction of the Court of Common Pleas for New Haven county by the legislature of 1903, this Act would in some manner have referred to this subject. The amendment does not touch any such matter, except in that it refers to the extension of the jurisdiction of the Litchfield county court. Apparently

the word "shall," in § 534, was changed to "may" in the Act of 1903, so that parties within the jurisdiction of the District Court of Waterbury might bring their actions to that court, or to the Court of Common Pleas for Litchfield county.

The title of an Act cannot enlarge or confer power, but in the construction of statutes which are doubtful or ambiguous in meaning, the title ·may aid in showing legislative intent. *Middletown* v. *New York, N. H. & H. R. Co.*, 62 Conn. 492, 496, 27 Atl. 119. Sutherland says: "If the meaning is doubtful, the title, if expressive, may have the effect to resolve the doubts by extension of the purview, or by restraining it, or to correct an obvious error; for in ascertaining the intention nothing is to be rejected from which aid can be derived; therefore, the title of an act may claim a degree of notice, and is entitled to its share of consideration." 2 Sutherland on Statutory Construction (2d Ed.) § 339, p. 650. The title of the Public Act of 1903 now in question reads as follows: "An Act concerning the Jurisdiction of the Court of Common Pleas for Litchfield County." Looking at the general construction of the Act of 1903, at § 534, which it amends, and the various statutory provisions relating to the courts of Waterbury, we cannot hold that it was intended by the Act of 1903 to extend the jurisdiction of the Court of Common Pleas for New Haven county. In the language of its title, it only "concerned the jurisdiction of the Court of Common Pleas for Litchfield County." Such being the manifest design of the legislature, it follows, in the present case, that there is a jurisdictional defect upon the face of the pleadings.

The element of time when the case was dismissed was not material. Where a court has no jurisdiction of a cause, the parties cannot confer jurisdiction by waiving this objection. This cannot be done by agreement.

*Chipman* v. *Waterbury*, 59 Conn. 496, 497, 22 Atl. 289; *Savings Bank of Danbury* v. *Downs*, 74 Conn. 87, 89, 49 Atl. 913. It was the duty of the Court of Common Pleas to dismiss the case when the lack of jurisdiction was called to its attention.

There is no error.

In this opinion the other judges concurred.