HARTFORD NATIONAL BANK AND TRUST COMPANY v.
EDWARD DANSKY

SUPERIOR COURT          HARTFORD COUNTY          FILE NO. 61359

Memoranda filed April 18 and May 9, 1950.

*Albrecht & Richman,* of Hartford, for the Plaintiff.

No counsel for the Defendant.

MURPHY, J. Plaintiff is seeking an order directing the defendant to make weekly payments from earnings upon a default judgment of $3025.26 entered October 20, 1939. The court doubts that it ever had jurisdiction in this case and will withhold action on this motion to permit the plaintiff the opportunity to satisfy that doubt.

On June 23, 1939, the plaintiff made personal service upon the defendant in a suit claiming $4000 damages returnable to the City Court of Hartford on July 3, 1939. On July 1 of that year chapter 281b of the 1939 Supplement became effective and provided for uniform jurisdiction in the minor courts. The Hartford City Court thereafter had jurisdiction in civil matters not exceeding $1000. Under § 1370e it retained jurisdiction to final judgment of matters pending before it on the effective date of the act. The writ in this case was filed in the City Court on June 23, 1939. As it was not returnable until July 3, it was not properly pending in that court July 1 and that court could not retain jurisdiction.

Upon motion of the plaintiff, the City Court on September 29, 1939, transferred the cause to the Superior Court in accordance with 178, Public Acts, 1939, § 5 (§ 1365e). That section was not applicable as it related to transfers to the Court of Common Pleas in the counties having same for the purpose of insuring the defendant a jury trial. The motion could only be made by the defendant within twenty days after the return day.

General Statutes, Rev. 1930, § 5485 (Rev. 1949, § 7792) is the statute which should have been followed. It provides for the transfer of civil actions brought to the wrong court. However, to give the Superior Court jurisdiction, the procedure set out in the statute should be followed. The order of removal is conditioned upon payment of certain costs and a certified

copy of the order must be served on the defendant and a similar copy lodged in the Superior Court. The file does not indicate compliance with these statutory provisions. They seem to be a necessary prerequisite to the acquisition of jurisdiction. If the court did not have jurisdiction, how valid is the judgment? The plaintiff may have until May 1 to supply the answer to this question. Action on the pending motion is withheld accordingly.

## SUPPLEMENTAL MEMORANDUM

MURPHY, J. The memorandum of law which plaintiff has filed in response to the court's memorandum of April 18 confirms the conclusion that the Superior Court is without jurisdiction in this action.

Counsel cited *O'Leary* v. *Waterbury Title Co.*, 117 Conn. 39, 46. The quoted portion of the opinion, plus the two sentences immediately preceding it, are directly in point. Also refer to the paragraph following, which quotes *Sears* v. *Terry*, 26 Conn. 273, 280.

The defendant has never filed an appearance either pro se or by counsel. That he has responded to two citations for examination as a judgment debtor and been examined thereon does not constitute waiver.

This case is stricken from the docket for want of jurisdiction. It will not be printed in the list of cases over five years old which were stricken by the court May 5.