JOSEPH A. COPP ET AL. *v.* HORACE L. BARNUM ET AL.

THIM, RYAN, BARBER, SHEA and RUBINOW, Js.

Argued October 14—decided December 15, 1970

*James W. Sherman* and *William E. C. Bulkeley,* with whom was *Paul F. McAlenney,* for the appellants (plaintiffs).

*R. Regner Arvidson,* with whom were *Arthur Barrows* and, of the New York bar, *John T. Redmond,* and, on the brief, *John E. Tener,* for the appellees (defendants).

PER CURIAM. The plaintiffs allege in their complaint that they are members of the defendant the First Church of Christ, Congregational, Groton, hereinafter referred to as the Church. The individual defendants are officers of the Church.

The complaint alleges that a constitution for the Church was unanimously adopted on January 20, 1963, and that it was thereafter filed with the secretary of the state. The complaint further alleges that on September 26, 1965, the members of the Church voted to have the Church join and become a member of the United Church of Christ.

In this action, the plaintiffs seek declaratory and injunctive relief. Concisely stated, the prayers for relief ask the court to declare that all real and personal property held by the Church is held by the plaintiffs as constituting a class remaining faithful to the polity provisions of the constitution of the Church. They also seek an injunction enjoining the Church from continuing to be a part of the United Church of Christ. The defendants filed an answer with special defenses and the plaintiffs replied. Thereafter, the defendants filed a motion to erase the action from the docket for want of jurisdiction of the subject matter, alleging that it appears on the face of the record that the nature of the action requires a determination by the court of ecclesiastical questions concerning the doctrine, polity and usage of the Church and seeks to induce the court to interfere with the internal affairs of the Church's religious body, all contrary to the first and fourteenth amendments to the federal constitution. The trial court granted the defendants' motion. The plaintiffs have appealed from that judgment. The sole issue raised on this appeal is whether any of the relief sought by the plaintiffs may be granted without resolving ecclesiastical questions.

Because of the nature of this case, we are unable to reach the merits of this appeal. This action requests a declaratory judgment concerning charitable funds. Where such funds are in issue, the attorney general is a necessary party. General Statutes § 3-125; *New York East Annual Conference* v. *Seymour,* 151 Conn. 517, 522, 199 A.2d 701; *Averill* v. *Lewis,* 106 Conn. 582, 592–93, 138 A. 815.

Where an action seeks a declaratory judgment, the failure to join or to give notice to necessary parties pursuant to Practice Book § 309 (d) is a jurisdic-

tional defect. *Manafort Bros., Inc.* v. *Kerrigan,* 154 Conn. 112, 114, 222 A.2d 218; *Benz* v. *Walker,* 154 Conn. 74, 77, 221 A.2d 841; *Riley* v. *Liquor Control Commission,* 153 Conn. 242, 249, 215 A.2d 402; *Wenzel* v. *Danbury,* 152 Conn. 675, 677, 211 A.2d 683. The attorney general is not a party to this action. Practice Book § 309 (d) requires that all persons having an interest in the subject matter of the complaint be made parties to the action or have reasonable notice thereof. If any such notice was given, the record should have disclosed it. It is clear that the defendants were entitled to judgment for the reason that a declaratory judgment in favor of the plaintiffs could not be properly rendered, the court being without jurisdiction. *Wenzel* v. *Danbury,* supra, 677. As to the request for injunctive relief, it is incidental or ancillary to the remainder of the action and must fall with it. *Benz* v. *Walker,* supra, 80; *Wenzel* v. *Danbury,* supra, 678.

There is no error.