URSULA INGERSOLL *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF SALISBURY ET AL.

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY, SHEA and GRILLO, Js.

Decision released August 21, 1984

*J. Keith Nolan,* for the petitioner (plaintiff).

*William O. Riiska,* for the respondents (defendants Francis Gomez et al.).

PER CURIAM. The plaintiff appealed to the Superior Court from a decision of the Salisbury planning and zoning commission. Her appeal was dismissed. She then petitioned the Appellate Court for certification for review. The Appellate Court denied her petition, and she now petitions this court for certification, alleging that she is aggrieved by the decision of the Superior Court and by the decision of the Appellate Court denying her petition.

Appeals from zoning commissions and planning commissions may be taken to the Superior Court, and, upon certification only, to the Appellate Court. See, e.g., General Statutes § 8-28, as amended by Public Acts, Spec. Sess., June, 1983, No. 83-29, § 59. The Supreme Court's authority to grant petitions for certification from the Appellate Court is found in General Statutes § 51-197f, as amended by Public Acts, Spec. Sess.,

June, 1983, No. 83-29, § 7. That statute provides, in pertinent part, that "[u]pon *final determination of any appeal* by the appellate court, there shall be no right to further review except . . . [t]he supreme court shall have the power to certify cases for its review upon petition by an aggrieved party . . . ." (Emphasis added.) See also Practice Book § 3135.[1] The issue before us here is whether § 51-197f permits us to consider a petition for certification following the denial of certification by the Appellate Court in a zoning or planning matter.

Because, under § 8-28, as amended, the plaintiff could not appeal to the Appellate Court in the absence of that Court's certification; see also Practice Book §§ 2000, 3154 (matter deemed "pending on appeal" and entered upon the docket after granting of certification); we hold that the decision of the Appellate Court denying the plaintiff's petition for certification was not a "final determination of [an] appeal by the appellate court" within the meaning of § 51-197f. We have no jurisdiction to consider the plaintiff's petition, and it is therefore dismissed sua sponte.

---

[1] "[Practice Book] Sec. 3135. RIGHT OF APPEAL

"Appeals may be taken to the supreme court in causes determined in the appellate court where the supreme court, upon petition of an aggrieved party or request of the appellate panel which heard the case, certifies the case for review."