[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Joseph Paquette, appeals from the decision of the Planning and Zoning Commission of the Town of East Hartford adopting a Plan of Development that included a Plan of Development map. The plaintiff claims to be aggrieved by the adoption of said plan and map, by reason of the classification of the North Meadows including plaintiff's property as "proposed open space." The plaintiff also claims that the classification of the North Meadows including the plaintiff's property as "proposed open space" is a legal "taking."
The plaintiff is the owner of all that certain piece or parcel of land, with improvements thereon, commonly known as 260 Prospect Street, East Hartford, Conn. and located in an area known as the North Meadows. Prior to the approval and legal CT Page 6870 adoption of the Plan of Development by the Planning and Zoning Commission of the Town of East Hartford on April 11, 1990, the plaintiff's property was zoned B-3. This zone is designed for high intensity commercial development. Although the Plan of Development classifies the North Meadows, including the plaintiff's property, as "proposed open space," the subject property was not rezoned and continues to be zoned B-3. Thus there has been no change in the zoning status of the plaintiff's land.
The plaintiff finds his right to appeal the Commission's decision under section 8-28 of the Connecticut General Statutes. Section 8-28 which provides, inter alia, that "any person aggrieved by an official action or decision of a planning commission . . . may appeal therefrom to the superior court . . . ." Ingersoll v. Planning and Zoning Commission of Salisbury,194 Conn. 277 (1984).
The Connecticut Supreme Court has repeatedly defined "aggrievement" as a showing by the plaintiff that he "had a specific, personal and legal interest in the subject matter of the decision as distinguished from a general interest such as is the concern of all the members of the community and that he was specifically and injuriously affected in his property or other legal rights." I. R. Stitch Assoc., Inc. v. Town Council of West Hartford, 155 Conn. 1 @ 3. It is uncontroverted that by virtue of the plaintiff's ownership, in fee, of the subject property, he has a specific, personal and legal interest in the subject matter of the decision and therefore this court finds accordingly.
However, the plaintiff also has the burden of proving that he was specifically and injuriously affected in his property or other legal rights. Beckish v. Manafort, 175 Conn. 415, 419. The plaintiff's own testimony was that he had not operated a business on his property in sometime. He also testified that he had discussions with several parties who inquired regarding purchase of the subject property. These inquiries did not result in any contracts of sale. The plaintiff was unable to attribute his inability to sell the subject property directly to the classification of the North Meadows including the subject property as "proposed open space." The plaintiff's inability to sell his property may be based on any number of reasons, including but not limited to motivation to sell, motivation to purchase, asking price, conditions and terms of sale, financing, fair market value of the property, financial ability of purchaser, and condition of the property.
Furthermore, there was no credible evidence that the plaintiff's property was depreciated in value by reason of the CT Page 6871 classification of the North Meadows including the subject property as "proposed open space."
Also fortifying the court's conclusion that the plaintiff was not specifically and injuriously affected in his property or other legal rights is the simple fact that his property has not been rezoned.
Therefore, this court finds that the plaintiff was not legally aggrieved within the meaning of Conn. Gen. Stats. 8-28. See Walls v. Planning and Zoning Commission, 176 Conn. 478.
The plaintiff's contention that the Plan of Development affected the zoning status of the plaintiff's property is ill-founded. The fact of this matter is that the Plan of Development is not incorporated into the Zoning Regulations of the Town of East Hartford nor is it incorporated into its Comprehensive Plan.
The Plan of Development is not the same as the Comprehensive Plan. The Plan of development is advisory only as to zoning decisions of the zoning commission. First Hartford Realty Corporation v. Planning and Zoning Commission, 165 Conn. 533
@ 542. Therefore, the adoption of the Plan of Development cannot be construed as a "taking" of the plaintiff's land. Any discussion regarding a taking is highly speculative and extralegal.
This court orders that the plaintiff's appeal is dismissed.
Moran, J.