THOMAS GRIECO ET AL. *v.* ZONING COMMISSION
OF THE TOWN OF REDDING ET AL.
(CV 91-306827)

PETERS, C. J., CALLAHAN, BORDEN, BERDON,
NORCOTT, KATZ and PALMER, Js.

Decision released July 6, 1993

*Nancy Burton,* for the named plaintiff, in support of the motion.

*Ronald E. Kowalski II,* for the defendant Perkin-Elmer Corporation, in opposition to the motion.

*Charles K. Campbell, Jr.,* and *Andrew B. Nevas,* for the defendant R. K. Health Services, Inc., et al., in opposition to the motion.

PETERS, C. J. The motion of the plaintiff Thomas Grieco for permission to file a petition for certification to review the Appellate Court's denial of a petition for certification is denied pursuant to *Ingersoll* v. *Planning & Zoning Commission,* 194 Conn. 277, 479 A.2d 1207 (1984).

The jurisdiction of the Supreme Court is defined by statute. See *State* v. *Curcio,* 191 Conn. 27, 30, 463 A.2d 566 (1983), and the cases cited therein.[1] The applicable statute, General Statutes § 51-197f, limits our review of decisions of the Appellate Court to those that constitute a "final determination of any appeal." *State* v. *Ayala,* 222 Conn. 331, 338–41, 610 A.2d 1162 (1992). In *Ingersoll* v. *Planning & Zoning Commission,* supra, 279, we held that a decision by the Appellate Court denying a petition for certification is not a "final determination of any appeal." We declined to reconsider that decision in *Udolf* v. *Plan & Zoning Commission,* 206 Conn. 803, 535 A.2d 1316 (1987).

Our decisions in *Ingersoll* v. *Planning & Zoning Commission,* supra, and *Udolf* v. *Plan & Zoning Commission,* supra, that a denial of certification is not a "final determination of any appeal" were based upon the language that is currently found in General Statutes

---

[1] The two-part *Curcio* test upon which the dissent relies for the contrary assertion is not a source of independent judicial authority to determine when appeals may be taken to this court. As the opinion makes clear, the test is a judicial gloss on whether certain trial court rulings are final judgments "within the meaning of [General Statutes] §§ 52-263 and 51-197a." *State* v. *Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983).

§§ 8-8 (o) and 8-9.[2] Section 8-9 provides that *"[a]ppeals from zoning commissions and planning and zoning commissions[3] may be taken . . . upon certification for review, to the appellate court in the manner provided in section 8-8."* (Emphasis added.) Section 8-8 (o) provides that "[t]here shall be no right to further review [of a decision by the Superior Court in a zoning appeal] except to the appellate court by *certification for review,*" and that "[t]he procedure on *appeal* to the appellate court shall . . . be in accordance with the procedures provided by rule or law for the appeal of judgments rendered by the superior court . . . ." (Emphasis added.) Taken together, these statutes manifest the legislature's intent that, until the Appellate Court certifies a case for appeal, there *is* no appeal to that court. The statutes expressly differentiate between a right to "review" and a right to an "appeal." This statutory distinction is reflected also in our rules of practice, which specify that, until the Appellate Court has granted a petition for certification to appeal, the petitioner may not file an appeal, is not required to pay

[2] General Statutes § 8-8 provides in relevant part: "APPEAL FROM BOARD TO COURT. REVIEW BY APPELLATE COURT. . . .

"(o) There shall be no right to further review except to the appellate court by certification for review, on the vote of two judges of the appellate court so to certify and under such other rules as the judges of the appellate court establish. The procedure on appeal to the appellate court shall, except as otherwise provided herein, be in accordance with the procedures provided by rule or law for the appeal of judgments rendered by the superior court unless modified by rule of the judges of the appellate court."

General Statutes § 8-9 provides: "APPEALS FROM ZONING COMMISSIONS AND PLANNING AND ZONING COMMISSIONS. REVIEW BY APPELLATE COURT. Appeals from zoning commissions and planning and zoning commissions may be taken to the superior court and, upon certification for review, to the appellate court in the manner provided in section 8-8."

[3] General Statutes § 8-10 provides in relevant part: "APPEALS PROCEDURE TO APPLY TO ALL MUNICIPALITIES. The provisions of sections 8-8 and 8-9 shall apply to appeals from zoning boards of appeals, zoning commissions or other final zoning authority of any municipality . . . ."

the appellate filing fee and cannot take other steps to initiate the appellate process. See generally Practice Book §§ 4142 through 4142.4.[4]

As we held in *Ingersoll* v. *Planning & Zoning Commission*, supra, our authority to grant petitions for certification does not, in light of these statutory and Practice Book provisions, encompass the authority to review the Appellate Court's denial of a petition for certification. The Appellate Court's denial of a petition for certification means that a predicate for an appeal to the Appellate Court has not been met. A fortiori, such a denial prevents the Appellate Court from reaching a "final determination of any appeal" within the meaning of General Statutes § 51-197f.[5]

In other instances involving zoning appeals, if our construction of a jurisdictional statute was mistaken, the legislature has readily responded by amending the statute. The text of § 51-197f has, however, remained unchanged since *Ingersoll* v. *Planning & Zoning Commission*, supra, was decided in 1984. We may, therefore, "presume legislative acquiescence in our interpretation of the . . . statute." *Farmers & Mechanics Savings Bank* v. *Garofalo*, 219 Conn. 810, 817, 595 A.2d 341 (1991); see *Phelps Dodge Copper Products Co.* v. *Groppo*, 204 Conn. 122, 134, 527 A.2d

---

[4] Practice Book § 4142.3, adopted by the judges of the Appellate Court pursuant to the authority of General Statutes § 8-8 (o), specifically provides that "[w]ithin twenty days from the issuance of notice of certification, the petitioner shall file the appeal" and thereafter take all further steps necessary to perfect the appeal.

[5] We reject the dissent's assertion that a denial of a petition for certification is the functional equivalent of an affirmance of the underlying judgment. The exercise of discretionary jurisdiction, by way of certification, is premised on the understanding that a denial of discretionary review leaves the underlying judgment in place without an endorsement of its merits. " '[A] denial of certification does not necessarily indicate our approval either of the result reached by the Appellate Division or of the opinion rendered by it. [*State* v. *Chisholm*, 155 Conn. 706, 707, 236 A.2d 465 (1967)]." *State* v. *Doscher*, 172 Conn. 592, 376 A.2d 359 (1977).

672 (1987). It is reasonable to assume that the legislature decided to continue the policy, originally enacted before the establishment of the Appellate Court, that one opportunity for discretionary appellate review of a zoning decision, after a full hearing in the Superior Court, strikes the proper balance between protecting property rights and assuring the finality of zoning decisions.

Because a petition for certification to review the Appellate Court's denial of a petition for certification must be dismissed, the plaintiff Thomas Grieco's motion is denied.

In this opinion CALLAHAN, BORDEN, NORCOTT, KATZ and PALMER, Js., concurred.

BERDON, J., dissenting. The plaintiff Thomas Grieco's motion for permission to file a petition for certification raises an important issue—whether this court has jurisdiction to certify an appeal from the Appellate Court in a zoning matter when the Appellate Court fails to certify the appeal from the trial court as provided in General Statutes § 8-8 (o).[1] The majority relies on the per curiam decision in *Ingersoll* v. *Planning & Zoning Commission,* 194 Conn. 277, 479 A.2d 1207 (1984), to support its denial of the motion. Because I believe *Ingersoll* was wrongly decided and that we have jurisdiction, I dissent.

First, it is helpful to examine the issue within the context of the plaintiff's claim. The plaintiff owns real prop-

---

[1] General Statutes § 8-8 (o) provides: "There shall be no right to further review except to the appellate court by certification for review, on the vote of two judges of the appellate court so to certify and under such other rules as the judges of the appellate court establish. The procedure on appeal to the appellate court shall, except as otherwise provided herein, be in accordance with the procedures provided by rule or law for the appeal of judgments rendered by the superior court unless modified by rule of the judges of the appellate court."

erty on the northerly side of Blueberry Hill Road in Redding. The defendants R.K. Health Services, Inc., and Gilbert Hill Corporation filed a site plan application to develop land, partly owned by the defendant Perkin-Elmer Corporation (Perkin-Elmer), located on the southerly side of Blueberry Hill Road. Appurtenant to Perkin-Elmer's land is an easement providing a right-of-way over its adjoining residential land. The defendant zoning commission of the town of Redding approved the site plan application, permitting the development of a 299 unit health care facility, on the condition that Perkin-Elmer abandon the easement. The plaintiff's property and the easement are separated by Blueberry Hill Road, which is fifty feet in width. The plaintiff appealed the commission's decision, claiming that he was statutorily aggrieved because he owned land "within a radius of one hundred feet of any portion of the land involved in the decision of the board." General Statutes § 8-8 (a) (1). The defendants subsequently filed a motion to dismiss on the ground that the plaintiff lacked standing. While the motion to dismiss was still pending, Perkin-Elmer conveyed the easement to others. The effect of the conveyance was to place the plaintiff's land a distance of more than 100 feet from the property that was the subject of the site plan approval. The trial court dismissed the appeal because the plaintiff did not own land within a radius of 100 feet of land involved in the commission's decision, and, therefore, was not statutorily aggrieved. The plaintiff seeks, among other things, review of this decision.

Our jurisdiction to review decisions of the Appellate Court is limited by General Statutes § 51-197f, which provides in part: "Upon final determination of any appeal by the appellate court, there shall be no right to further review except the supreme court shall have the power to certify cases for its review upon petition by an aggrieved party or by the appellate panel which

heard the matter and upon the vote of two justices of the supreme court so to certify and under such other rules as the justices of the supreme court shall establish." The Appellate Court's refusal to grant certification in this case could not be more final. A reasonable interpretation of the term "appeal" must include petitions for certification to appeal. Not only must we interpret our statutes with common sense; *Builders Service Corporation* v. *Planning & Zoning Commission,* 208 Conn. 267, 276, 545 A.2d 530 (1988); but "[e]very presumption which favors the jurisdiction of the court should be indulged." *Tuccio* v. *Zehrung,* 164 Conn. 231, 232, 319 A.2d 406 (1973). By refusing to grant the plaintiff's petition for certification, the Appellate Court has effectively extinguished the plaintiff's claim. For practical purposes, the trial court's decision has become a "final judgment" because the Appellate Court has allowed it to stand.

We have never held that the right of appeal is strictly grounded upon statutory authority. Indeed, we have recognized exceptions to the "final judgment" rule. In *State* v. *Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983), we held that an "otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." Certainly, the Appellate Court's refusal to grant certification, which in effect allows the judgment of the trial court to stand, invokes this court's right to grant the plaintiff's petition for certification.

Accordingly, I believe that we should grant the motion for permission to file a petition for certification to appeal, vote affirmatively on the merits of the petition and decide the substantive issue raised by the plaintiff. I respectfully dissent.