[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue before the court on a motion to dismiss is whether the court has subject matter jurisdiction to entertain this action for a declaratory judgment in which the plaintiff claims that the arbitrator in a pending arbitration proceeding has erroneously decided to hear the defendant's counterclaim notwithstanding the defendant's alleged failure to comply with a contractual condition precedent to arbitration. Without reaching the merits of the CT Page 12650 parties' respective claims, the court holds that it has subject matter jurisdiction. Accordingly, the motion to dismiss is denied.
A joint stipulation of facts and exhibits provides the following factual basis for the action. In June 1993, the plaintiff Cristwood Contracting, Inc. (Cristwood) and the defendant Bridgeport Community Health Center, Inc. (BCHC) entered into an agreement for Cristwood to construct and to renovate BCHC's offices. This contract contained, inter alia, the following provisions: a "termination for convenience" clause,[1]
a termination by the contractor clause[2] and a system for submitting claims to the architect before arbitration.[3]
On October 7, 1993, pursuant to its termination for convenience right, BCHC exercised its power to end the contract. Pursuant to subparagraph 14.1.2., Cristwood demanded arbitration for the moneys that it claimed were due it. About two weeks before arbitration proceedings were scheduled to begin, BCHC requested permission to file a counterclaim in the arbitration. The arbitrator held a hearing. Despite Cristwood's strong objection, the arbitrator ruled that he would decide the counterclaim.
Cristwood has filed a request for a declaratory judgment and a verified application for the issuance of injunctive relief in two counts. Both counts claim that the counterclaim demand for arbitration by the defendant is not arbitrable. Count one alleges that BCHC rescinded the contract and that, therefore, there is no contractual basis for arbitration. Count two alleges that BCHC cannot proceed to arbitration because it has not complied with a condition precedent to arbitration, the submission of claims to the architect.
BCHC has filed a motion to dismiss the plaintiff's petition for a declaratory judgment and injunctive relief on the grounds that the plaintiff's application is untimely and that the court lacks subject matter jurisdiction. Because the plaintiff's prayer for injunctive relief clearly is incidental and ancillary to its claim for a declaratory judgment; Clough v. Wilson, 170 Conn. 548,556, 368 A.2d 231 (1976); Copp v. Barnum, 160 Conn. 557, 559,276 A.2d 893 (1970); Benz v. Walker, 154 Conn. 74, 80, 221 A.2d 841
(1966); the issue is whether this court has subject matter jurisdiction over this declaratory judgment action.
"A motion to dismiss is the appropriate vehicle for CT Page 12651 challenging the jurisdiction of the court. Practice Book § 142. the grounds which may be asserted in this motion are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process. Practice Book § 143."Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687,490 A.2d 509 (1985). The only type of jurisdiction implicated by the defendant's motion is subject matter jurisdiction. "Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. 1 Restatement (Second), Judgments 11. Craig v. Bronson,202 Conn. 93, 101, 520 A.2d 155 (1987). Jurisdiction of the subject matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong.Henry F. Raab Connecticut, Inc. v. J. W. Fisher Co., 183 Conn. 108,111-12, 438 A.2d 834 (1981); E. M. Loew's Enterprises, Inc.v. International Alliance of Theatrical State Employees, 127 Conn. 415,420, 17 A.2d 525 (1941); Case v. Bush, 93 Conn. 550, 552,106 A. 822 (1919); People v. Western Tire Auto Stores, Inc., 32 Ill.2d 527,530, 207 N.E.2d 474 (1965). A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it. Monroe v. Monroe, 177 Conn. 173, 185,413 A.2d 819, appeal dismissed, 444 U.S. 801, 100 S.Ct. 20, 62 L.Ed.2d 14
(1979); Meinket v. Levinson, 193 Conn. 110, 115, 474 A.2d 454
(1984); Henry F. Raab Connecticut, Inc. v. J. W. Fisher Co.,
supra, 112." (Internal quotation marks omitted.) Demar v. OpenSpace Conservation Commission, 211 Conn. 416, 423-424,559 A.2d 1103 (1989). "The subject matter jurisdiction of this court is defined by statute. Ambroise v. William Raveis Real Estate, Inc.,226 Conn. 757, 759-60, 628 A.2d 1303 (1993); Grieco v. ZoningCommission, 226 Conn. 230, 231, 627 A.2d 432 (1993); State v.Ayala, 222 Conn. 331, 338-41, 610 A.2d 1162 (1992); State v.Curcio, 191 Conn. 27, 30, 463 A.2d 566 (1983); Chipman v.Waterbury, 59 Conn. 496, 497, 22 A. 289 (1890)." Simms v. Warden,229 Conn. 178, 181, 640 A.2d 178 (1994).
General Statutes § 52-29 provides: "(a) The superior court in any action or proceeding may declare rights and other legal relations on request for such a declaration, whether or not further relief is or could be claimed. The declaration shall have the force of a final judgment. (b) The judges of the superior court may make such orders and rules as they may deem necessary or advisable to carry into effect the provisions of this section." Practice Book § 390, enacted by the judges of the superior court pursuant to this statutory authority; Braman v. Babcock,
CT Page 1265298 Conn. 549, 552, 120 A. 150 (1923); provides: "The court will not render declaratory judgments upon the complaint of any person: (a) unless he has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to his rights or other jural relations; or (b) unless there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties; or (c) where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure; or (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof."
In England v. Coventry, 183 Conn. 362, 364, 439 A.2d 372
(1981), the Supreme Court stated: "When all persons having an interest in the subject matter of the complaint are parties or have reasonable notice of the action; Practice Book 390(d);Pinnix v. LaMorte, 182 Conn. 342, 343, 438 A.2d 102 (1980); the Superior Court has subject matter jurisdiction in any action or proceeding to declare rights and other legal relations on request for such a declaration whether or not further relief is or could be claimed. General Statutes 52-29. See Connecticut Life HealthIns. Guaranty Assn. v. Jackson, 173 Conn. 352, 358-60,377 A.2d 1099 (1977). We have consistently construed this broad statutory grant of jurisdiction and the related Practice Book provisions liberally to serve their sound social purpose. Connecticut SavingsBank v. First National Bank Trust Co., 133 Conn. 403, 409,51 A.2d 907 (1947). See Larke v. Morrissey, 155 Conn. 163, 167-68,230 A.2d 562 (1967). Thus, the Superior Court has subject matter jurisdiction over suits for declaratory relief despite the adequacy of other legal remedies. Connecticut Life Health Ins.Guaranty Assn. v. Jackson, supra, 359-60; Connecticut Savings Bankv. First National Bank Trust Co., supra, 409." (Footnote omitted.)[4] There is no claim that there are any persons interested in the subject matter of the complaint other than the plaintiff and the defendant. Bound by the pronouncement in England v.Coventry, this court must deny the defendant's motion to dismiss.
The court in England v. Coventry, supra, 183 Conn. 365, also stated: "Whether the court, despite its jurisdiction over the subject matter, could properly grant declaratory relief in this case is a distinct question, which is properly raised by a motion to strike." In this case, however, a motion to strike may not be an appropriate procedural vehicle since the parties recognize that a stipulation of facts and exhibits is necessary to fully present CT Page 12653 the issue raised by the instant motion. "The trial court may not seek beyond the complaint for facts alleged" in ruling on a motion to strike. Cavallo v. Derby Savings Bank, 188 Conn. 281, 285-86,449 A.2d 986 (1982). It may therefore be necessary for the defendant to fully join issue by filing an answer before the court may properly rule on the merits of the plaintiff's claims for relief. See, e.g., E F Construction Co., Inc. v. RissilConstruction Associates, Inc., 181 Conn. 317, 435 A.2d 343 (1980);Conte v. Norwalk, 173 Conn. 77, 376 A.2d 412 (1977).
The court is aware that the parties are desirous of obtaining a judicial resolution of the merits of the propriety of the defendant's counterclaim. It is true that among the purposes of our rules of practice is the avoidance of unnecessary litigation;Hagearty v. Ryan, 123 Conn. 372, 376, 195 A. 730 (1937); to facilitate business and advance justice; Practice Book § 6; and "to bring about a trial on the merits of a dispute whenever possible. . . ." Snow v. Calise, 174 Conn. 567, 574, 392 A.2d 440
(1978). However, "[t]he opinions of the Supreme Court of Connecticut are binding upon the Superior Court, and the rule of the [England v. Coventry] case is clear and explicit. Until it is reversed, changed or modified by the Supreme Court, this court must follow it." Montes v. Hartford Hospital, 26 Conn. Sup. 441,442-443, 226 A.2d 798 (1966).
The motion to dismiss is denied.