[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury at Waterbury. Docket No. CR4-129847.
Michael J. Isko, Esq., for the Petitioner.
Edward Ricciardi, Esq., for the State of Connecticut.
BY THE DIVISION
A review of the file by the Division indicates that the petitioner did not file his request for Sentence Review until August 22, 1995 a full six months subsequent to the date of sentencing. On November 13, 1995 counsel for the petitioner wrote to the division stating that at the time of sentencing, in accordance with the transcript, the court did not provide the petitioner with the required notice of sentence review nor the requisite forms to apply for sentence review.
When counsel for the petitioner was questioned by the Division as to the lateness of filing the attorney urged the panel to hear the matter arguing that indeed the panel had jurisdiction. The panel agreed to hear the matter but indicated that it would reserve the right to rule on whether it has CT Page 1286-B jurisdiction, when the statutory 30 day filing requirement has not been complied with.
In reviewing the matter this panel finds that the failure to file application for review of sentence within thirty days of sentencing deprives the Division of subject matter jurisdiction. "Jurisdiction of the subject matter is a question of law and cannot be waived or conferred by consent either in the trial court or here . . ." [Internal quotation marks omitted.] Serraniv. Board of Ethics, 225 Conn. 305, 308, 622 A.2d 1009 (1993). Moreover, the subject matter jurisdiction of our count is strictly defined by statute. Simms v. Warden, 229 Conn. 178, 181,640 A.2d 601 (1994); Ambroise v. William Raveis Real Estate,Inc., 226 Conn. 757, 759-60, 628 A.2d 1303 (1993); Grieco v.Zoning Commission, 226 Conn. 230, 231, 627 A.2d 432 (1993).
We view the thirty day limitation as subject matter jurisdiction since it is contained in Conn. Gen. Stat. §51-195. As such we have no power to enlarge or circumscribed it.Iovieno v. Commissioner of Correction, 40 Conn. App. 553 (1996). We conclude that late filing of the petition for review implicates the subject matter jurisdiction of the Division and rule that the decision to hear the merits of the petitioner's claim was improvidently granted. The petition for sentence review is dismissed.
Norko, J.
Purtill, J.
Klaczak, J.
Norko, J., Purtill, J. and Klaczak, J. participated in this decision.