In re **WINSTED MEMORIAL HOSPITAL**, Debtor.

**Barbara L. Hankin, Trustee, Plaintiff,**

v.

**The Auxiliary of the Winsted Memorial Hospital, Defendant.**

Bankruptcy No. 96–23984.
Adversary No. 99–2043.

United States Bankruptcy Court,
D. Connecticut.

July 23, 1999.

Robert A. White, Robert E. Kaelin, Murtha, Cullina Richter & Pinney, LLP, Hartford, CT, for Barbara L. Hankin.

Janet A. Spaulding–Ruddell, Asst. Attorney General, Hartford, CT, for Attorney General of Connecticut.

Sheila A. Denton, Pullman & Comley, LLC., Bridgeport, CT, for Defendant.

Ronald M. Skigen, Pullman & Comley, LLC, Stamford, CT, for Defendant.

*RULINGS ON ATTORNEY GENERAL'S MOTION TO INTERVENE AND DEFENDANT'S MOTION FOR AB-STENTION*

ROBERT L. KRECHEVSKY,
Bankruptcy Judge.

## I.

### *ISSUES*

On March 16, 1999, Barbara L. Hankin, Esq., Trustee ("the Trustee") of the Chapter 7 bankruptcy estate of Winsted Memorial Hospital ("the Hospital" or "the Debtor"), filed a complaint against the Auxiliary of the Winsted Memorial Hospital ("the Auxiliary"), seeking, in the First Count, turnover of the cash funds which the Auxiliary held prior to the Hospital's closing, as property of the Debtor's estate. In Count Two of the complaint the Trustee seeks a judgment for an amount, equal to such cash funds, against the Auxiliary on the ground of unjust enrichment.

Before the court are two motions filed in this adversary proceeding by different movants. Richard Blumenthal, Attorney General of the State of Connecticut ("the Attorney General"), on May 5, 1999, filed the motion seeking to intervene in the proceeding, pursuant to Fed.R.Civ.P. 24, made applicable by Fed. R. Bankr.P.

7024,[1] as representing the public interest in the cash funds.

On May 14, 1999, the Auxiliary filed the second motion asking this court, pursuant to 28 U.S.C. § 1334(c)(1),[2] to abstain from hearing the complaint, claiming that it concerns unsettled issues of state law best left to the determination of the state court.

A hearing on both motions and the Trustee's objections thereto was held on June 2, 1999, following which the parties submitted their memoranda of law. Because the motions share a common background the court will rule on each motion in this single opinion.

## II.

### BACKGROUND

The Trustee's complaint makes the following assertions. The Hospital, founded in 1895, operated continuously in Winsted, Connecticut as a non-profit, charitable corporation, until the Hospital ceased operation on October 25, 1996. The Auxiliary is an unincorporated association "established by the women of Winsted" in 1901 to support the Hospital. The Auxiliary has tax-exempt status under the Internal Revenue Code and has solicited charitable donations of cash, clothing and other items from the public to benefit the Hospital. The Hospital supplied the Auxiliary with rent-free space and utilities to operate a Thrift Shop and a Gift Shop. From 1987 to 1990, the Auxiliary made gifts to the Hospital totaling about $525,000.

In September, 1996, due to its worsening financial condition, the Hospital sought to close in-patient service. The Attorney General filed a state-court action to prevent such closing. The state court appointed a receiver of the Hospital and directed the receiver to marshall the Hospital's assets, including sums due from the Auxiliary. The state court authorized the receiver both to close the Hospital on October 25, 1996, and, on November 25, 1996, to file a Chapter 7 petition in this court. The Auxiliary, after demand, refused to turn over the funds it had collected prior to the Hospital's closing ("the preclosing donations"), estimated at $200,000, either to the receiver or to the Trustee.

In the First Count of the complaint, entitled "Turnover Action," the Trustee

---

1. Rule 24 provides:

   (a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
   (b) *Permissive Intervention.* Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.
   (c) *Procedure.* A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. . . .
   Fed.R.Civ.P. 24(a), (b) and (c).

2. Section 1334(c)(1) provides:

   (c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
   28 U.S.C. § 1334(c)(1).

claims the Auxiliary, under Connecticut statutes, holds the preclosing donations exclusively for the Hospital's use, thereby giving the Debtor's estate a legal and equitable interest in them. In the Second Count, entitled "Unjust Enrichment", the Trustee alleges that the Auxiliary having obtained the preclosing donations through use of the Hospital's name, and use of the Thrift Shop and Gift Shop premises, it would be "unjust" to permit the Auxiliary to retain such funds while the Hospital's creditors remain unpaid.

The Trustee asserts that her action against the Auxiliary is a core proceeding pursuant to 28 U.S.C. § 157(2)(b)(A), (E) and (O).[3] She demands from the Auxiliary (1) an accounting of all preclosing donations, (2) turnover of the preclosing donations, (3) turnover of all records relating to the preclosing donations, (4) damages and (5) such other relief as is just.

### III.

#### A. *MOTION TO INTERVENE*

■ The Attorney General, in his motion to intervene, contends that under general equity principles and by statute, Conn. Gen.Stat. § 3–125,[4] he is charged with representing the interests of the public, as the intended beneficiaries of funds intended for charitable purposes. His motion represents that it is timely made; that the Attorney General has a statutory interest in the funds held by the Auxiliary; that his ability to protect that interest will be impaired by the disposition of this proceeding and that his interest is not represented by the existing parties to the proceeding.

■ Connecticut case law has long held that the attorney general is a necessary party to any action involving the disposition of charitable funds. *Copp v. Barnum,* 160 Conn. 557, 558, 276 A.2d 893 (1970) (where charitable funds are at issue, attorney general is a necessary party); *also see Lockwood v. Killian,* 172 Conn. 496, 505, 375 A.2d 998 (1977)(same); *Healy v. Loomis Institute,* 102 Conn. 410, 422, 128 A. 774 (1925) (prior to enactment of statute, held that attorney general is proper party to bring action to enforce terms of charitable trust).

The Attorney General seeks to intervene as of right under Rule 24(a), and a proposed answer to the complaint accompanies the motion. The Trustee partially objects to the intervention of the Attorney General and asks that the court permit the Attorney General to intervene only under Rule 24(b) (permissive intervention) with the condition that the court exclude him from participating in the discovery process and in settlement negotiations. The Trustee contends allowing the Attorney General full intervention will unnecessarily increase the costs of litigation to the Debtor's estate and give the Attorney General a veto power over any settlement. The Trustee would limit the Attorney General to receiving pleadings and being heard on legal arguments within his jurisdiction. The Trustee asserts that the Attorney General has no substantive interest in the preclosing donations and has not established a basis for intervention as of right under Rule 24(a). She further notes that the Attorney General also represents the

3. Section 157(b)(2), in pertinent part, states:

Core proceedings include . . .
(A) matters concerning the administration of the estate;
. . .
(E) orders to turn over property of the estate;
. . .
(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the

equity security holder relationship, except personal injury tort or wrongful death claims.
28 U.S.C. § 157.

4. Section 3–125, in pertinent part, states:

The Attorney General shall . . . represent the public interest in the protection of any gifts, legacies or devises intended for public or charitable purposes. . . .
Conn. Gen.Stat. Ann. § 3–125 (West 1988).

State of Connecticut as a creditor in the Debtor's case.

The court concludes that restricting the Attorney General's role in the discovery and settlement process is inappropriate. The Trustee's argument that, if the Attorney General is not so restricted, the bankruptcy estate will incur additional costs is not an argument supported by any cited decisional law, and the court finds the argument unpersuasive in light of the well-established Connecticut case law finding the attorney general a necessary party in like matters. The court does not consider the Trustee's other arguments well-grounded.

The court, accordingly, grants the motion of the Attorney General to intervene generally as a defendant under Rule 24(a) without imposing the limitations requested by the Trustee. The Attorney General's answer to the complaint may be filed.

### B. *MOTION TO ABSTAIN*

#### 1.

■ The Auxiliary's motion that the court abstain from hearing the Trustee's complaint is founded on § 1334(c)(1) which contains three alternate bases for federal court abstention: (1) in the interest of justice, (2) in the interest of comity with State courts, or (3) respect for State law. The Second Circuit in *Coker v. Pan American World Airways, Inc.* (*In re Pan American Corp.*), 950 F.2d 839, 845 (2d Cir.1991) has referred to these three bases as "admittedly nebulous criteria" and ruled that § 1334(c)(1) "was intended to codify judicial abstention doctrines, particularly with respect to cases like *Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940)." *Magnolia* highlights the following factors to guide a bankruptcy court in deciding whether to abstain in favor of state courts: a difficult issue of state law; conflicting interpretations of that law by courts of equal authority; no dispositive statement by the state's highest court, and the decision turns on

issues traditionally left to the state—in particular, real property law.

The Second Circuit in *Coker* also favorably cited *Eastern Air Lines, Inc. v. International Ass'n of Machinists & Aerospace Workers* (*In re Ionosphere Clubs, Inc.*), 108 B.R. 951, 954 (Bankr.S.D.N.Y.1989) for its listing of the following principles of judicial abstention when applying § 1334(c)(1): "(1) [t]he effect or lack thereof on the efficient administration of the estate if a court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of the asserted 'core' proceeding, (8) the feasibility of severing state law claims or bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of the bankruptcy judge's docket, (10) the likelihood that the commencement of the proceeding in the bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceedings of nondebtor parties."

The Auxiliary's motion asserts the issue in this proceeding concerns a matter of unsettled law in Connecticut which it poses as follows: "Whether the assets of a separate charity (initially formed as a volunteer association with a separate 501(c)(3) tax exempt status) organized to assist in the work of another charitable corporation, are property of the corporation and/or whether the assets of the association are subject to the provisions of the equitable doctrine of approximation (*cy pres*) when the corporation ceases to carry out its charitable purposes." (Auxiliary Motion at 4.) The Auxiliary disputes the Trustee's contention

that the proceeding is a core proceeding, arguing that the asserted substantive rights are not created by bankruptcy law, and this proceeding could have existed outside of bankruptcy. The motion asserts the state-court proceeding originally brought by the Attorney General could be reopened to resolve all the issues present here; that there is no federal jurisdiction absent the bankruptcy filing in that there is no citizen diversity and no federal question; and that state law will determine the issue and the state law is unsettled.

The Attorney General filed a memorandum in support of the Auxiliary's motion to abstain in which he devoted considerable space to dealing with the ultimate merits of the Trustee's complaint, contending that, based on current Connecticut decisional law, the complaint clearly has no merit. On the other hand, the Attorney General contends the complaint raises "novel issues" which should be addressed in state court. (Attorney General's Memorandum at 15.)

■ The court notes that, in his answer to the Trustee's complaint, the Attorney General admitted paragraph I of the complaint, which alleges that the Trustee's action is a core proceeding. As previously stated, the Auxiliary asserts in its motion to dismiss that the proceeding is non-core. Since whether core or non-core may be a factor in determining abstention, the court will address this issue now, despite the Auxiliary, by agreement, not having yet filed an answer to the complaint. *See* Fed. R. Bankr.P. 7012(b) ("A responsive pleading shall admit or deny an allegation that the proceeding is core or non-core. If the response is that the proceeding is non-core, it shall include a statement that the party does or does not consent to entry of final orders or judgments by the bankruptcy judge. In non-core proceedings, final orders or judgments shall not be entered on the bankruptcy judge's order except with the express consent of the parties.").

The court concludes that the Second Count (unjust enrichment) of the complaint is clearly non-core. And, although the question as to the First Count (turnover) may be less clear, the court, in accordance with and following its analysis of the core/non-core distinction in *Century Brass Products, Inc. v. Millard Metals Service Center, Inc.* (*In re Century Brass*), 58 B.R. 838 (Bankr.D.Conn.1986), and the argument of the Auxiliary, concludes that the First Count is non-core as well. The court construes the allegations of core by both the Trustee and Attorney General as indicating that they consent to the entry of final orders should the court not abstain.

The Trustee's objection to the court abstention relies primarily on the delay to complete efficient administration of the debtor's estate if adjudication of the complaint is left to the state court. The Trustee emphasizes the present ability of the bankruptcy court to conduct a prompt trial. The Trustee also points out that there presently is no pending state-court action and that the Attorney General's memorandum "suggests that the case involves simply an application of existing law to facts yet to be developed." (Trustee's Memorandum at 3.)

*2.*

After considering the various criteria affecting abstention, the court concludes that abstention is not appropriate in this proceeding, primarily for the reason stressed by the Trustee in her objection. The court has overseen the administration of the Debtor's estate by the Trustee for the past two-and-a-half years, and the issue presented in her complaint apparently is one of the few remaining matters to be resolved before the Debtor's estate may be closed with a distribution to creditors. This court is in a position promptly to conduct a trial. Neither the Auxiliary nor the Attorney General has claimed in their papers that the state court is in a like position. While the Attorney General contends the specific facts yet to be developed may present a "novel" issue, he does not suggest it is a difficult issue with conflict-

ing interpretations by state courts. And at this time there is no related pending state-court action.

Furthermore, if this court determines that the preclosing donations are not property of the Debtor's estate, that will end the bankruptcy court's involvement, and the Attorney General and the Auxiliary can repair to the state court to determine the application of *cy pres* or other doctrines to the funds held by the Auxiliary. The jurisdiction of the bankruptcy court is directly related to the issue to be resolved, and the filing of the Debtor's bankruptcy petition, and subsequent commencement of this adversary proceeding, clearly does not involve forum shopping.

■ For all of the above reasons, the Auxiliary's motion to abstain under § 1334(c)(1) should be, and is, denied. The doctrine of abstention ... is an extraordinary and narrow exception to the duty of a [Federal] Court to adjudicate a controversy properly before it. *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 188, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163, 1166 (1959).

## IV.

### *CONCLUSION*

The motion of the Attorney General of Connecticut to intervene in this adversary proceeding pursuant to Rule 24(a) is granted, and the motion of the Auxiliary for the court to abstain from hearing the adversary proceeding is denied. The clerk shall reschedule the pretrial conference which was continued until after the court ruled on these motions. It is

SO ORDERED.